UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. STUART,<br><br>    Petitioner,<br><br>    v.<br><br>ROB ST. ANDRE, WARDEN,<br><br>    Respondent. | No. 2:22-cv-2298 DAD AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Respondent has moved to dismiss. ECF No. 11. For the reasons stated below, the undersigned will recommend that respondent's motion be granted in light of Younger v. Harris, 401 U.S. 37 (1971).

    I.    BACKGROUND

        A.  State Trial Proceedings

On August 26, 2021, in San Joaquin County Superior Court Case No. STK-CR-2020-8121, petitioner was convicted by a jury of murder with a firearm. ECF No. 12-1 at 1-2 (partial abstract of judgment); ECF No. 12-3 at 2 (state appellate habeas petition). Other enhancements, including use of a firearm in the commission of a felony (Cal. Penal Code § 12022.5(a)), discharge of a firearm during the course of a felony causing great bodily injury (Cal. Penal Code

1

§ 12022.53(d)) and being a felon or addict in possession of a firearm (Cal. Penal Code § 29800(A)(1)) were found to be true. See generally ECF No. 12-3 at 1. Petitioner was sentenced to a term of fifty-six years and four months to life with the possibility of parole. Id. at 2.

### B. State Post-Conviction Proceedings

On September 15, 2021, petitioner filed a notice of appeal in the trial court. ECF No. 11-1 (appellate docket) at 2. Briefing of the appeal concluded on November 21, 2022. Id. at 4.

Meanwhile, on August 18, 2021, petitioner filed a petition for writ of habeas corpus in San Joaquin County Superior Court. ECF No. 12-2. Thereafter, on September 1, 2022, petitioner filed a state habeas petition in the California Court of Appeal. ECF No. 12-3.

On September 8, 2022, the California Court of Appeal denied the petition. ECF No. 12-4. Less than two weeks later, petitioner filed a habeas petition in the California Supreme Court. ECF No. 12-5. On December 14, 2022, the state high court denied the petition. ECF No. 12-6.

### C. Federal Proceedings

The federal petition was filed on December 22, 2022. See ECF No. 1 at 15 (signature date of petition).[1] In January 2023, the petition was screened, and respondent was ordered to file a response. ECF No. 3. On March 1, 2023, respondent filed the instant motion to dismiss. ECF Nos. 11 (motion), 12 (lodged documents in support of motion). Petitioner's opposition was docketed on March 22, 2023 (ECF No. 14), and respondent's reply was filed on April 3, 2023 (ECF No. 15).

## II.  MOTION TO DISMISS

Respondent seeks dismissal pursuant to Younger v. Harris, supra, on grounds that petitioner's conviction was not final when the federal petition was filed and that his direct appeal remains pending. Petitioner counters in essence that the pendency of appeal is irrelevant because the claims presented in his federal habeas petition are different from those in his direct appeal.

---

[1] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Petitioner insists that he has a right to bring his federal claims to this court, and he argues that the state courts improperly adjudicated his state habeas petitions.

### III. ABSTENTION DOCTRINE

Under Younger v. Harris, federal courts may not interfere with a pending state criminal prosecution or related proceeding absent extraordinary circumstances. Younger, 401 U.S. at 45; Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011). "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citations and footnote omitted).

Abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) that proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018). All four elements must be satisfied to warrant abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).

> Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action.

Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988).

### IV. DISCUSSION

All four abstention criteria are satisfied in this case. First, petitioner's appeal of his conviction was indisputably pending when the federal petition was filed. See ECF No. 11-1 at 4. It is the status of the state court proceeding at the time the federal petition was filed that matters for Younger purposes. Beltran, 871 F.2d at 782. Even if petitioner's appeal had since concluded and were no longer pending at the present time, this Younger requirement would be satisfied. See id.; Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987), cert. denied, 485 U.S. 934 (1988).

Second, criminal proceedings indisputably implicate important state interests for Younger

3

purposes. "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45).

Third, California's appellate and post-conviction review process provides an opportunity for consideration of federal constitutional questions. It does not matter to the Younger analysis whether the specific federal claims petitioner wishes to present in this court are part of the pending state proceeding. See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger. . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."). In other words, where vital state interests are involved, a federal court should abstain "unless state law clearly bars the interposition of the constitutional claims." Moore v. Sims, 442 U.S. 415, 426 (1979). California law does not bar the presentation of constitutional claims.

Fourth and most importantly, consideration of petitioner's challenge to the validity of his conviction would have the practical effect of enjoining the state court proceedings. See Arevalo, 882 F.3d at 765 (citing ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014). It is widely recognized that federal habeas proceedings regarding the validity of a conviction and/or sentence have the practical effect of enjoining or interfering with any ongoing state judicial proceedings in the underlying criminal case. This is true whether or not the aspect of the case being addressed in the state court proceedings is the same aspect of the case being challenged in the federal habeas petition. See Duke v. Gastelo, No. 2:19-04712 AB (ADS), 2020 U.S. Dist. LEXIS 134464, 2020 WL 4341595, at *3 (C.D. Cal. June 24, 2020) (fourth Younger factor satisfied because "granting Petitioner the habeas relief he seeks—release from confinement—would have the practical effect of enjoining the ongoing state resentencing proceeding"), adopted, 2020 U.S. Dist. LEXIS 133544, 2020 WL 4339889 (C.D. Cal. July 28, 2020). Here, granting petitioner the relief he seeks—release from confinement and the invalidation of his conviction—would have the practical effect of mooting or enjoining the ongoing appeal. This is true regardless of the nature of the claims presented in the two forums,

and it is precisely the sort of interference with state criminal justice systems that the <u>Younger</u> abstention doctrine seeks for foreclose.

Petitioner has made "no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 435 (1982). Petitioner's complaints about the state court's adjudication of his habeas petitions are not material. The pending state court proceeding is his appeal, not some state action taken against him for an improper purpose. Moreover, the exhaustion of state court remedies—an issue independent of abstention—turns on the fair presentation of claims to the state courts, not on their resolution.[2] <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004). Dismissal pursuant to <u>Younger</u> is without prejudice. Once petitioner's conviction has become final on conclusion of direct review, he may bring a petition in this court presenting his claims. <u>See</u> 28 U.S.C. § 2244(d)(1)(A) (statute of limitations generally runs from date of finality of conviction).

For these reasons, the requirements for <u>Younger</u> abstention are satisfied and dismissal without prejudice is mandatory. <u>See</u> <u>Beltran</u>, 871 F.2d at 782; <u>Gibson v. Berryhill</u>, 411 U.S. 564, 577 (1973).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED;

2. The case be DISMISSED without prejudice; and

3. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] It appears that the claims petitioner wishes to pursue in this court are the claims he was attempting to exhaust in state habeas prior to the finality of his conviction on direct review.

"Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE