UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY D. STUART,<br><br>  Petitioner,<br><br>  v.<br><br>ROB ST. ANDRE, Warden,<br><br>  Respondent. | No. 2:22-cv-02298-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING HABEAS PETITION WITHOUT PREJUDICE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 11, 18) |

Petitioner Anthony D. Stuart is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 1, 2023, respondent moved to dismiss the pending petition as premature pursuant to the decision in *Younger v. Harris*, 401 U.S. 27 (1971) because appellate proceedings in state court were ongoing and his judgment of conviction was not yet final. (Doc. No. 11.) On October 2, 2023, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the pending petition on *Younger* abstention grounds be granted without prejudice. (Doc. No. 18.) Specifically, the magistrate judge concluded that because petitioner's appeal from his underlying state criminal conviction was still pending when he filed the pending petition for federal habeas relief, application of the *Younger*

1

1 abstention doctrine required dismissal of this federal habeas action without prejudice.  (*Id.*)

2      The pending findings and recommendations were served on all parties and contained
3 notice that any objections thereto were to be filed within fourteen (14) days from the date of
4 service.  (*Id.* at 5.)  To date, no objections have been filed and the time in which to do so has now
5 passed.

6      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
7 court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the
8 court finds the findings and recommendations to be supported by the record and proper analysis.
9 Accordingly, respondent's motion to dismiss the pending petition without prejudice will be
10 granted.

11     Additionally, the court declines to issue a certificate of appealability.  A petitioner seeking
12 a writ of habeas corpus has no absolute right to appeal; he may appeal only in limited
13 circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  Rule
14 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a
15 certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth
16 Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  The court will
17 issue a certificate of appealability "if jurists of reason would find it debatable whether the petition
18 states a valid claim of the denial of a constitutional right and that jurists of reason would find it
19 debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529
20 U.S. 473, 484 (2000).  Here, reasonable jurists would not find the court's decision to dismiss the
21 petition to be debatable or conclude that the petition should proceed further.  Thus, the court
22 declines to issue a certificate of appealability.

23     Accordingly,

24     1.   The findings and recommendations issued on October 2, 2023 (Doc. No. 18) are
25          adopted in full;
26     2.   Respondent's motion to dismiss the pending petition (Doc. No. 11) is granted;
27     3.   The petition for writ of habeas corpus (Doc. No. 1) is dismissed, without
28          prejudice;

2

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 8, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3